IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

PRESIDEE BARRETT,

    Plaintiff,

vs.

FEDEX CUSTOM CRITICAL, INC.,
PROTECTIVE INSURANCE CO., and
RAFERCAR TRANSPORT LOGISTICS &
SERVICES, LLC,

    Defendants.

CASE NO. 3:17-CV-62 (CDL)

O R D E R

Presently pending before the Court is Plaintiff Presidee Barrett's motion for spoliation sanctions (ECF No. 24). As discussed below, the motion is denied.

BACKGROUND

Barrett claims that when he stopped in an emergency lane off I-20 to help a disabled motorist, Carl Milton Kelly ran his tractor trailer off the side of the road and struck Barrett's parked truck.[1] Barrett was walking from his truck to the disabled vehicle, and he was hit by a piece of his truck and knocked into the disabled vehicle. At the time of the December 16, 2015 incident, Kelly was driving a truck owned by Defendant Rafercar Transport Logistics & Services, LLC and leased to Defendant FedEx Custom Critical, Inc. ("FedEx"), with a trailer

---

[1] Kelly died before this action was filed.

owned by FedEx. On December 28, 2015, Barrett's lawyer sent FedEx a letter notifying FedEx that Barrett sustained personal injuries and property damage as a result of the incident.

At the time of the incident, FedEx had two computer systems to keep track of its drivers and trucks. First, FedEx used a system called Omnitracs to keep data on its drivers. Using the Omnitracs system, drivers input their status (driving, on-duty not driving, off duty, or sleeper berth). It is undisputed that Kelly's Omnitracs data, which showed how many hours Kelly said he was on duty each day during the two weeks before the December 16, 2015 incident, was automatically purged after 180 days because FedEx's risk and legal departments did not instruct Omnitracs to preserve it.

Second, FedEx used a system called Pro Detail, which tracked the GPS location of each of its trucks. The Pro Detail data can be used to determine the drive time for each truck during a specified time period. Unlike Kelly's Omnitracs data, the Pro Detail data for Kelly's truck was preserved. Kelly only operated one truck when he accepted dispatched loads for FedEx, and he did not operate a truck under the operating authority of any motor common carrier other than FedEx. McCahan Aff. ¶¶ 12-14, ECF No. 25-1. Thus, the Pro Detail report for Kelly's truck shows the entire amount of time Kelly spent driving his truck

during the eight days before the December 16, 2015 incident: 41 hours and 40 minutes.[2] *Id.* ¶¶ 16-17.

DISCUSSION

Barrett seeks spoliation sanctions based on FedEx's failure to preserve the Omnitracs data. Barrett argues that the Court should strike FedEx's answer as a sanction for failing to preserve the Omnitracs data. In the alternative, Barrett argues that FedEx should not be permitted to present evidence to contest Barrett's evidence on liability and punitive damages.

"Spoliation refers to the destruction or failure to preserve evidence that is necessary to contemplated or pending litigation." *Bath v. Int'l Paper Co.*, 807 S.E.2d 64, 68 (Ga. Ct. App. 2017) (quoting *Baxley v. Hakiel Indus., Inc.*, 647 S.E.2d 29, 30 (Ga. 2007)). "[F]ederal law governs the imposition of spoliation sanctions," although Georgia law provides guidance that the Court may consider. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). Spoliation sanctions "are intended to prevent unfair prejudice to litigants and to insure the integrity of the discovery process." *Id.* The Court has "broad discretion" to impose sanctions for spoliation of evidence. *Id.* But, the most severe sanctions "are reserved

---

[2] Under the applicable federal regulations, a motor carrier may not "permit or require a driver of a property-carrying commercial motor vehicle" to drive if the driver has "been on duty 70 hours in any period of 8 consecutive days if the employing motor carrier operates commercial motor vehicles every day of the week." 49 C.F.R. § 395.3(b).

3

for 'exceptional cases,' generally only those in which the party lost or destroyed material evidence intentionally in bad faith and thereby prejudiced the opposing party in an uncurable way." *Cooper Tire & Rubber Co. v. Koch*, No. S17G0654, 2018 WL 1323994, at *5 (Ga. Mar. 15, 2018) (quoting *Phillips v. Harmon*, 774 S.E.2d 596, 606 (Ga. 2015)).

In determining whether a sanction is warranted for spoliation, the Court may consider whether Barrett was prejudiced as a result of the destruction of the Omnitracs data, whether the prejudice can be cured, the practical importance of the evidence, whether FedEx acted in good or bad faith, and the potential for abuse if sanctions are not granted. *See Flury*, 427 F.3d at 945, 947 (listing these factors and finding uncurable prejudice where the plaintiff failed to preserve an allegedly defective vehicle in a crashworthiness case). Barrett contends that the Omnitracs data was central to his claim that Kelly was impaired due to fatigue at the time of the collision and that FedEx knew or should have known that it was dispatching an unsafe driver. If the Omnitracs data were the only evidence of Kelly's duty status during the days before the December 16, 2015 incident (as Barrett's brief suggests), Barrett might have a good argument for some type of spoliation sanction. But the Omnitracs data was *not* the only evidence of Kelly's duty status. As discussed above, the Pro Detail data provides Kelly's driving

4

time for the two weeks prior to the December 16, 2015 incident.[3] And, the present record establishes that Kelly only drove for FedEx at the time of the incident. In light of this evidence, it is difficult to see how FedEx's failure to preserve the Omnitracs data will result in uncurable prejudice to Barrett, and Barrett did not clearly explain how such prejudice would occur. For the same reason, the practical importance of the Omnitracs data is low.[4] Under these circumstances, even if FedEx did wrongfully fail to preserve the Omnitracs data, the Court is not convinced that the severe sanctions Barrett seeks are warranted at this time. Barrett's motion for spoliation sanctions (ECF No. 24) is therefore denied.

IT IS SO ORDERED, this 9th day of April, 2018.

                                                S/Clay D. Land
                                                CLAY D. LAND
                                                CHIEF U.S. DISTRICT COURT JUDGE
                                                MIDDLE DISTRICT OF GEORGIA

---

[3] The Pro Detail data admittedly does not show Kelly's on-duty not driving status. But to be in violation of the regulation, Kelly would have had to be on-duty but not driving for at least twenty-eight hours during the eight days before the incident. Based on the present record, it would have been rare for a truck driver like Kelly to spend so much time on-duty but not driving. McCahan Aff. ¶ 19.

[4] Barrett did point to evidence that five months *after* the incident, the North Carolina State Highway Patrol cited Kelly for driving while fatigued and for falsifying his record of duty status. Pl.'s Mot. for Sanctions Ex. 8, Citation (May 19, 2016), ECF No. 24-9. It is not clear how this evidence supports Barrett's argument that the information Kelly input into Omnitracs would have given a reliable account of Kelly's duty status.